### GILES v. SHINN GROCERY CO.
(No. 7256.)

Court of Civil Appeals of Texas. Austin.
Oct. 24, 1928.

Alexander & Alexander, of Smithville, for appellant.

Fred L. Blundell and C. F. Richards, both of Lockhart, and Hart, Patterson & Hart, of Austin, for appellee.

BLAIR, J. Former opinion filed herein on October 3, 1928, withdrawn, and the following opinion filed in lieu thereof:

Appellee sued appellant for $701.89, the alleged balance due on merchandise purchased by appellant. Appellant answered that all items of the account sued on had been paid except about 75 or 100 automobile tires and tubes, which were shipped to her on consignment only; that they were destroyed by fire, and were therefore the property of appellee when destroyed.

The court without the intervention of a jury rendered judgment for $701.89, in favor of appellee against appellant. This judgment is attacked upon the ground that the evidence does not support it.

Appellee is a wholesale grocery company. Its traveling salesmen secured orders from customers, and when these orders were filled, invoices of the sales were sent to the purchasers. July 22, 1924, appellee's salesman, G. R. Barnes, took appellant's order for a list of goods which were shipped under invoices dated July 22 and July 24, 1924. These invoices included automobile tires and tubes, and were marked "consigned." Thereafter through October 1, 1924, appellant ordered from and appellee delivered her 13 additional lists of goods, the greater part of which were tires and tubes, some of them being the same size as those consigned, and each of these invoices stated that the goods were "sold to Mrs. W. A. Giles"; and with the exception of one dated August 7th, they contained no notation indicating consignments. The one of August 7th had written after the item of tires and tubes the word "consigned." The goods delivered under the invoices of July 22d and 24th and August 7th, marked "consigned," aggregated $294 for the first two and $33.75 for the last. Appellee's general manager testified that for the purpose of introducing these tires and tubes he authorized the delivery of those shown in invoices of July 22d July 24th, and August 7th, on consignment basis. Appellee's manager at Bastrop testified concerning the shipment of tires and tubes, aggregating $476, sold on August 18th, but invoiced September 20th, that he sold appellant these tires. He testified: •

"I did not consign those one hundred tires to them. That was an out and out sale. * * *. That was a straight sale."

He also testified that appellant had only 10 or 12 tires on hand when he made this sale.

The total value of goods delivered under the 15 invoices was $1,433.35, and on these appellant paid at various times, without indication as to whether it was on tires and tubes or other merchandise included in the invoices and not consigned, an amount aggregating $731.36. At the end of each month a statement of appellee's account with appellant, showing all purchases and payments made under the invoices and the balance due, was mailed her. Appellant never made any claim that all tires and tubes were delivered on consignment until after her store burned in January, 1925, although she had received numerous statements showing they were "sold" to her. This evidence supports the judgment in favor of appellee for an amount equal to the difference between the total debits and total credits, or the sum of $701.89, as found by the trial court.

Appellant contends, however, that since appellee's salesman, G. R. Barnes, who took the first consignment order, agreed that the tires and tubes "account was to be handled on a consignment basis all the way through," and since appellee admitted the first shipments were on consignment, it could not thereafter change the contract without first specifically notifying appellant that the goods were no longer shipped on consignment. This contention may embrace a correct proposition of law, but it is not borne out by the evidence. Barnes did not testify that he agreed that all tires thereafter sold to appellant would be on consignment basis. He testified that it was his impression that they were all to be shipped on consignment, but that he did not have any definite instructions except as to the sale made on that date.

The judgment of the trial court will be affirmed.

Affirmed.